# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:10-CR-109 |
| ) | |
| ANTONIO GUDINO, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a motion seeking a modification or reduction of sentence pursuant to 18 U.S.C. 3582(c)(2) and Guideline Amendment 782, filed by Antonio Gudino ("Gudino") on April 17, 2015. (DE # 1201). For the reasons set forth below, Defendant's request for a sentencing modification is **DENIED**.

Gudino pled guilty to conspiring to participate in racketeering activity in violation of 18 U.S.C. section 1962(d). This Court determined that Gudino was a career offender and calculated his guideline range as 360 months to life. Ultimately, Gudino was sentenced to 175 months incarceration.

Upon receiving the instant request, this Court directed the United States Probation Office to provide the Court with a copy of Defendant's original Presentence Report (PSR) (with any addenda, previous updates and/or supplements), along with a current

supplement addressing the impact of Amendment 782 upon Defendant's sentence. (*See* DE #1202.) The Probation Office filed the sentencing reduction addendum (DE #1203) indicating Defendant is not entitled to a reduction of sentence because he was sentenced as a career offender. This Court concurs.

Neither § 3582(c)(2) nor Amendment 782 alter Defendant's criminal history category. Gudino's original criminal history category calculation and resulting sentencing range were based on the fact that he qualified as a career offender under U.S.S.G. § 4B1.1. Because at the time of Defendant's sentencing he was determined to be a career offender pursuant to U.S.S.G. § 4B1.1, his advisory guideline calculation was not based on drug quantity guidelines in place at the time of sentencing, but based on the career offender guidelines. Therefore, Defendant does not benefit from Amendment 782. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (finding crack amendments do not apply when advisory guideline is based on career offender status); *United States v. Lovett*, 550 Fed. Appx. 334, 335 (7th Cir. 2014) (finding where sentencing range was based on career-offender guideline, and amendment left that guideline untouched, there was no basis for a reduced sentence). Accordingly, Defendant is not eligible for a reduction under § 3582(c)(2), pursuant to Amendment 782 of the United States Sentencing Guidelines.

**DATED: June 11, 2015**         **/s/RUDY LOZANO, Judge**
                                 **United States District Court**